UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES C. SEXTON JR. AND ESQUIRE GROUP LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KAREN L. HAWKINS, Director of Office Of Professional Responsibility, Internal Revenue Service, Department of Treasure,<br><br>　　　　　　　　　　Defendant. | Case No. 2:13-cv-00893-RFB-VCF<br><br>**ORDER** |

　　　　The Defendant has moved this Court for dismissal under Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim. Having carefully considered Plaintiffs' and Defendant's pleading and motion papers, oral arguments, and supplement briefing, for the reasons stated on the record at the September 18, 2014 hearing and for the reasons also noted in this Order, Defendant's August 21, 2013 Amended Motion to Dismiss is denied.

　　　　The Court has jurisdiction over this case. The Court explained its reasons for denial of dismissal for lack of subject matter jurisdiction on the record at the August 21, 2013 hearing. Those reasons are incorporated by reference here and are briefly summarized and elaborated below.

　　　　First, this Court has jurisdiction pursuant to 5 U.S.C. § 702 because the agency's assertion of jurisdiction itself is a final action without any means of review. Bennett v. Spear, 520 U.S. 154, 175 (1997) ("The APA, by its terms, provides a right to judicial review of all 'final agency action for which there is no other adequate remedy in a court.'"); Alto v. Black, 738 F.3d 1111, 1117 (9th Cir. 2013) ("The Administrative Procedure Act ('APA') provides a right to judicial review of all 'final agency action for which there is no other adequate remedy in a

court.'"). "Under the APA . . . even if the agency does not label its decision or action as final, it may be reviewable if it has the status of law or comparable legal force or if immediate compliance with its terms is expected." Columbia Riverkeeper v. U.S. Coast Guard, 761 F.3d 1084, 1095 (9th Cir. 2014) (internal quotation marks omitted).

Defendant's assertion of jurisdiction over Sexton and, by virtue of his position with it, Esquire is a final agency action and thus creates jurisdiction in this case. This assertion of jurisdiction has legal consequences which flow from it. Notably, these consequences include the potential production of documents for which Plaintiffs have a constitutionally protected right to privacy and which contain the personal and private information of the Plaintiffs' clients. These documents also contain proprietary information. Additionally, the letter[1] that contained the demand for documents contains a threat of more "allegations" against the Plaintiffs if there is no compliance and ambiguous, threatening language regarding the failure to provide complete and accurate information. This is not a letter requesting voluntary compliance while noting that such compliance is not required under the law. To the contrary, the letter indicates that Sexton is legally "required" to provide the demanded information. Sexton has also alleged that the Internal Revenue Service ("IRS"), via its Office of Professional Responsibility, has threatened to withdraw his ability to electronically file tax returns on behalf of individuals for whom he has prepared the tax return. Thus, it cannot be said that there are no consequences and threatened further consequences for the Plaintiffs for not complying with the demand letter.

Additionally, Defendant's counsel was unable to identify an appropriate remedy available to Plaintiffs within the agency to challenge the production of the requested documents and related information. Defense counsel conceded at oral argument that he was not aware of any

---

[1] On a 12(b)(1) motion to dismiss, a court may consider extrinsic evidence beyond the complaint. Lacano Investments, LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2014). Conversely, on a Rule 12(b)(6) motion courts generally "may not consider any material beyond the pleadings." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may consider, without conversion to a motion for summary judgment, material properly submitted as part of the complaint. Id. "Properly submitted" material includes documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Id. Here, the Plaintiffs have properly attached this letter to their Complaint. Exhibit B, ECF No. 1-1. Accordingly, the Court chooses to consider this letter as part of the complaint.

1  possible administrative remedy or process for contesting the production of the material. The
2  Defendant suggests that the documents are merely to determine if there will be allegations
3  brought and that Plaintiffs can seek recourse after the documents have been produced and after
4  an investigation has begun. The Defendant's position elides the important distinction between a
5  mere investigation, which is likely not final, and the instant demand for documents under color
6  of law and threat of consequences, which is. See Sackett v. E.P.A., 132 S. Ct. 1367 (2012)
7  (allowing plaintiffs to immediately contest an EPA's compliance order because the issuance of
8  the order necessarily meant the agency had definitively decided its regulatory authority).

9  Second, even absent a final agency decision, this Court is allowed to consider "actions
10  seeking nonmonetary relief against legal wrongs for which governmental agencies are
11  accountable." The Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 525 (9th Cir.
12  1989). Here, Plaintiffs have claimed wrongful assertion of the Defendant's jurisdiction and
13  consequent improper demands for records absent any means of appeal. Plaintiffs seek only
14  declaratory and injunctive relief. Thus, the Court has jurisdiction pursuant to Presbyterian for
15  the alleged wrongful conduct of the Defendant in this case. Id.

16  The Court also finds that the Plaintiffs have adequately stated a claim. In ruling on a
17  motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted
18  as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT
19  Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (internal citations omitted). In their
20  Complaint, Plaintiffs seek declaratory relief. 28 U.S.C. § 2201(a) requires that a party seeking
21  declaratory relief show an actual controversy regarding a matter within this Court's subject
22  matter jurisdiction. Plaintiffs have pleaded facts sufficient to raise several controversies or
23  questions:  a.) whether Plaintiff Sexton is a practitioner before the IRS subject to the agency's
24  jurisdiction, b.) whether the IRS' regulatory authority would include a former practitioner and
25  his current place or company of employment, and c.) whether the giving of tax advice is beyond
26  the scope of the regulatory authority granted the agency in this type of investigation. Plaintiffs
27  further plead that, absent this Court's resolution of these questions, the IRS may improperly
28  revoke Sexton's preparer tax ID number, damage Plaintiffs' credibility with clients, and

1  otherwise interfere with the Plaintiffs' ability to continue to do business.  Furthermore, Plaintiffs
2  will be required to produce confidential business and client documents they claim the right to
3  keep private.  Under 5 U.S.C. § 702, as discussed briefly above and in detail at the September 18,
4  2014 hearing, these are question of federal law within this Court's jurisdiction to consider.

5  Plaintiffs also seek in this case a permanent injunction, which requires a plaintiff show
6  "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary
7  damages, are inadequate to compensate for that injury; (3) that, considering the balance of the
8  hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the
9  public interest would not be disserved by a permanent injunction." La Quinta Worldwide LLC
10 v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 879 (9th Cir. 2014).

11 Plaintiffs' pleadings allege how they will suffer irreparable damage to their business
12 should they be required to produce these documents and an investigation ensue.  Most notably,
13 this includes the release or production of documents containing personal/private information of
14 clients who will have to be informed about this disclosure.  The impact of the disclosure of these
15 documents and their information would allegedly have a permanent and irreparable effect on the
16 Plaintiffs' business.  And, once produced, these documents and the information in them cannot
17 be "unproduced."  Thus, the production itself, as alleged, could represent irreparable harm.

18 As pled, the injunction appears neither to impose improper hardship on the IRS nor to
19 adversely impact the public interest.  Plaintiffs seek to enjoin only the demand for documents,
20 not the general investigation.  Nor does this injunction, if successful, prevent the IRS from
21 attempting to subpoena Plaintiffs' documents or otherwise file a civil suit against Plaintiffs in
22 federal court, for example under 26 U.S.C. § 7407(b)(1)(B).  Conversely, absent injunction,
23 Plaintiffs claim they will not be able to carry on their business activities.  Because of the many
24 mechanisms, independent of the seizure of documents in the manner alleged here, for
25 enforcement and protection of the public from unlawful tax services, the public interest should
26 not be disserved by the potential injunction of improper seizure.  Thus, the Plaintiffs have stated
27 a possible claim for a permanent injunction.
28 . . .

1  THEREFORE, IT IS ORDERED that Defendant's August 21, 2013 AMENDED MOTION TO DISMISS is DENIED.

IT IS FURTHERED ORDERED that Plaintiffs are not required to produce any documents or respond to any inquiries regarding the investigation of Mr. Sexton and/or Eqsuire Group LLC during the pendency of this action.

IT IS FURTHER ORDERED, that the Defendant and the Internal Revenue Service shall NOT suspend or curtail the Plaintiffs' ability to electronically file tax returns on behalf of clients for failure to comply with the demand for documents and information described in the Complaint in this case.

DATED: October 30, 2014.

_____
RICHARD F. BOULWARE, II
United States District Court